**Electronically Filed
Supreme Court
SCAD-20-0000735
15-JAN-2021
01:02 PM
Dkt. 8 OSUS**

SCAD-20-0000735

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

SCOTTLYNN J. HUBBARD, IV, (HI Bar #10148),
Respondent.

---

ORIGINAL PROCEEDING
(ODC Case No. 20-0093)

<u>ORDER OF RECIPROCAL SUSPENSION</u>
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ.,
and Intermediate Court of Appeals Chief Judge Ginoza,
assigned by reason of vacancy)

Upon consideration of the petition for reciprocal action upon Respondent Scottlynn J. Hubbard IV, filed on November 25, 2020 by the Office of Disciplinary Counsel (ODC) pursuant to Rule 2.15 of the Rules of the Supreme Court of the State of Hawai'i (RSCH), and the memorandum, declaration, and exhibits appended thereto, and the lack of a response from Respondent Hubbard to this court's December 10, 2020 notice and order, we find that, on October 21, 2020, the California Supreme Court suspended Respondent Hubbard from the practice of law for

two years and imposed other conditions upon him, but stayed the two year suspension of his license subject to the condition of a minimum one year suspension and until such time as Respondent Hubbard could demonstrate a fitness to return to practice by standards similar to RSCH Rule 2.17(b)(4), for misconduct in California that, if committed in this jurisdiction, would constitute multiple violations of Rules 3.3(a)(1), 3.4(e), 8.2(a), and 8.4(c) of the Hawaiʻi Rules of Professional Conduct (2014) and would warrant a substantial period of suspension. See ODC v. Terada, SCAD-19-416 (June 29, 2020); ODC v. Wooten, SCAD-12-405 (February 15, 2013); ODC v. Au, 113 P.3d 203 (Hawaiʻi 2005); ODC v. Wong, No. 15977 (July 15, 1992). In sum, a review of the record and precedent demonstrates that reciprocal discipline is authorized and justified. Therefore,

IT IS HEREBY ORDERED that Respondent Hubbard is suspended from the practice of law in this jurisdiction for one year, pursuant to RSCH Rules 2.3(a)(2), 2.15(c), and 2.15(d). In light of Respondent Hubbard's inactive status in this jurisdiction, the suspension is effective upon entry of this order, though this does not relieve Respondent Hubbard of the duty to file an affidavit of compliance with his suspension, imposed by RSCH Rule 2.16(d), within 30 days of the entry date of this order.

IT IS FURTHER ORDERED that Respondent Hubbard shall bear the costs of these reciprocal disciplinary proceedings upon the approval by this court of a timely submitted verified bill of costs from the ODC, pursuant to RSCH Rule 2.3(c).

IT IS FURTHER ORDERED that Respondent Hubbard, in addition to any obligations imposed by RSCH Rules 2.16 and 2.17, shall, as a precondition for reinstatement in this jurisdiction, submit proof of reinstatement and good standing in California.

DATED: Honolulu, Hawaiʻi, January 15, 2021.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Lisa M. Ginoza